UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 25-1351 JGB (DTBx) | Date | October 10, 2025 |
| Title | *Franceen Rosales v. Nissan North America, Inc. et al* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Plaintiff's Motion for Remand (Dkt. No. 13); and (2) VACATING the October 20, 2025, Hearing (IN CHAMBERS)

Before the Court is a Motion for Remand filed by Plaintiff Franceen Rosales. ("Motion," Dkt. No. 13.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **DENIES** the Motion. The Court **VACATES** the hearing set for October 20, 2025.

## I. BACKGROUND

On April 18, 2025, Plaintiff filed a Complaint in the Superior Court of California for the County of San Bernardino against Defendant Nissan North American, Inc. ("Defendant" or "Nissan"), and Does 1-20, inclusive. ("Complaint," Dkt. No. 1-1.) The Complaint alleges two causes of action: (1) breach of the implied warranty of merchantability under the Song-Beverly Act (Song-Beverly), and (2) breach of express warranty under Song-Beverly related to Plaintiff's Nissan vehicle. (Id.)

On May 28, 2025, Defendant Nissan removed the action to federal court. ("Notice of Removal," Dkt. No. 1.) On June 24, 2025, Plaintiff filed this Motion for remand. (Mot.) Defendant opposed the Motion on July 7, 2025. ("Opposition," Dkt. No. 14.) Plaintiff replied in support of the Motion on July 14, 2025. ("Reply," Dkt. No. 15.)
//
//
//

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). A defendant may only remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.[1]

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

## III. DISCUSSION

Plaintiff moves for remand because she contends that her claim is below the $75,000 threshold for federal diversity jurisdiction. Defendant, on the other hand, alleges that actual damages exceed $75,000. Plaintiff's Complaint alleges that damages exceed $35,000. (Compl. ¶ 13.) Plaintiff specifically requests replacement of her vehicle or restitution at her election, incidental damages, consequential damages, a civil penalty under Song-Beverly not to exceed two times the value of Plaintiff's actual damages, attorneys' fees, and other damages and remedies. (Id. at 9.) In its Notice of Removal, Defendant calculated its estimate of Plaintiff's actual damages as $39,963.56 based on the Retail Installment Sale Contract ("RISC") and its preliminary investigation into total deductions, including estimates of mileage offset, optional service contracts, GAP coverage, and negative equity. (See Notice of Removal at 4.) Defendant therefore contends that the amount in controversy satisfies the threshold for diversity jurisdiction because, if those actual damages were doubled pursuant to Song-Beverly as requested in Plaintiff's Complaint, the amount in controversy would plainly exceed $75,000.

When assessing the amount in controversy, the Court first considers whether it is "facially apparent" from the operative complaint that the jurisdictional amount has been satisfied. See Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)). Here, the Complaint asserts that Plaintiff's claim exceeds $35,000, but does not otherwise allege a value.

---

[1] The parties do not appear to dispute diversity of citizenship; Plaintiff is a citizen of California, and Defendant is a citizen of Delaware. (See Compl.)

Under the Ninth Circuit's "either viewpoint" rule, "the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." In re Ford Motor Co./Citibank (S. Dakota), N.A., 264 F.3d 952, 958 (9th Cir. 2001). The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees, and punitive damages. See Conrad Assoc. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). The defendant bears the burden to establish the amount in controversy at removal. Rodriguez v. AT & T Mobility Servs. LLC, 728 F.3d 975, 981 (9th Cir. 2013). If "defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). This proof can include affidavits, declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting Singer, 116 F.3d at 377). Additionally, Defendant may rely on "reasonable assumptions underlying the defendant's theory of damages exposure." Ibarra, 775 F.3d at 1198.

In general, a plaintiff may voluntarily limit requested relief below the full extent that may be available in order to avoid diversity jurisdiction.[2] See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294 (1938) ("If [plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.") But Plaintiff here has not sought to do so. All she does in her Complaint is state that damages *exceed* $35,000, request actual damages based on the value of her vehicle, and request up to twice such actual damages under Song-Beverly. Plaintiff has not sought to limit her recovery by stating that she will decline to seek a higher sum or forego seeking double damages under Song-Beverly. Defendant has made the "reasonable assumption[]" that actual damages would be the purchase price of the vehicle less various deductions, and that doubling the actual damages would result in recovery in excess of $75,000. Plaintiff has offered no evidence that this estimate is inaccurate, nor any reason to doubt Defendant's evidence.

Plaintiff attempts to make much about characterizing her request for a civil penalty under Song-Beverly as "in an amount not to exceed two times the amount of Plaintiff's actual damages" versus Defendant's characterization that she "alleges that she is entitled to up to two times actual damages." (Mot. at 3.) There is, plainly, no difference between these two statements. "Up to" and "not to exceed" in this context are perfect synonyms. Additionally, Plaintiff contends that Defendant has failed to offer persuasive evidence to support an award of other damages, including civil penalties—but it is *Plaintiff* who requests such damages and penalties in her own Complaint.
//
//

---

[2] This is not true in cases removed under the Class Action Fairness Act because pre-class certification stipulations to limit recovery cannot bind future potential class members. See Rodriguez, 728 F.3d at 981; Standard Fire Ins. Co. v. Knowles, 133 S.Ct. 1345, 1350 (2013).

The amount in controversy exceeds $75,000. Accordingly, the Court **DENIES** Plaintiff's Motion.

## IV.   CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's Motion. The October 20, 2025, hearing is **VACATED**.

**IT IS SO ORDERED.**